Simon, J.
This is the action instituted by Fanchon on the note of hand alluded to in the case of Compton and others v. Prescott and another, Executors, and others, just decided. She seeks to recover the amount of said note, which, she alleges, is made payable to the order of Leonard B. Compton, and was by him endorsed over, transferred and delivered to her. The payment of said note is secured by mortgage on certain lands and slaves described in the act of sale annexed to her petition.
The defendant, who is one of the heirs of L. B. Compton, deceased, sets up that the plaintiff has no title to the note sued on, which, he says, belonged to the estate of the deceased, was found in his house after his death, and is fraudulently possessed by the plaintiff, who never paid any consideration therefor. He further avers, that the said note was donated by the deceased to the plaintiff, and that the donation thereof is null, as she was his concubine, and as he disposed by his will of one-fourth of his property in favor of his bastard children ; that said note is the lawful property of the heirs of the testator, to one-fourth of which the respondent is entitled, &c.
The testamentary executors of the last will of the deceased intervened for the purpose of claiming the note sued on as a part of his estate, and they pray that the same may be delivered over to their possession, &c.
Judgment was rendered below in favor of the executors, to whom the note was ordered to be delivered up, as belonging to the testator’s succession ; and from said judgment, after a vain attempt to obtain a new trial, the plaintiff has appealed.
The evidence satisfies us, that the note sued on, though endorsed by the deceased, was really intended to be donated by the latter to the plaintiff, who lived with him in open and notorious concubinage. Whether such donation, if made in legal form, could have the effect of vesting the donee with an immediate title to the said note, as at the time it was transfered over to her, she was perhaps capable of receiving from the donor to the extent of its amount, is a question which we consider immaterial
*79 to the decision of this cause. Art. 1523, of the Civil Code, says, that “ an act shall he passed before a notary public and two witnesses of every donation, inter vivos, of immoveable property, of slaves or incorporeal things, such as rents, credits, rights or actions, under the penalty of nullity.” The only exception to this rule is under art. 1526, that, “ a manual gift, that is to say, the giving of corporeal moveable effects, accompanied by a real delivery, is not subject to any formality.” But here the intended donation was of an incorporeal thing, of a note of hand secured by mortgage, and comes clearly within the purport and meaning of the article above quoted, which requires a notarial act to be executed, whenever a donation of such things, or rights, is intended to be made. The evidence shows, that no consideration was paid or given by the appellant for the note sued on ; she was the concubine of the deceased, who transferred it over to her as a gift or donation ; and we must declare the gift void, as not made in the form prescribed by law. Barrière v. Gladding, 17 La. 144. The note sued on should, therefore, be considered as a part of the estate of the deceased, and as such must be delivered over to his executors.*
Judgment affirmed.

 The reasons assigned in the opinion delivered at Alexandria, for the judgment rendered in this case, are not the same as those given in this report. The altera, tion was made at New Orleans, by the Judge who drew up the opinion, with the concurrence of the other Judges who sat at Alexandria, to prevent a misapprehension of the real grounds of the decision. Eepobtek.